UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| KEVIN WARNER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRIFECTA VENTURES, LLC, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. 6:24-cv-00082-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Trifecta Ventures, LLC's Motion to Dismiss. [R. 5.] Trifecta removed this action from Kentucky state court on June 13, 2024, contending that the allegations in Plaintiff Kevin Warner's amended complaint are a federal tax claim under the Federal Insurance Contributions Act ("FICA") and Federal Unemployment Tax Act ("FUTA") merely masquerading as state law claims under Ky. Rev. Stat. §337.385. Trifecta has now moved the Court to dismiss Mr. Warner's claims, arguing that this Court lacks subject matter jurisdiction pursuant to 26 U.S.C. § 7422(a) and that neither FICA nor FUTA provide Mr. Warner with a private right of action. For the reasons that follow, Trifecta's Motion to Dismiss is **GRANTED**.

I

Plaintiff Kevin Warner began working for Trifecta in August of 2019. Mr. Warner was initially informed he would be an employee for Trifecta but was later told he would actually be paid as an independent contractor. During Mr. Warner's employment Trifecta provided him employee benefits, yet paid him as a contractor. Mr. Warner was also allegedly pressured into

signing a form confirming that he was an independent contractor following a workplace injury he sustained. Mr. Warner then brought this action pursuant to KRS 337.385, alleging that Trifecta avoided payment of FICA and FUTA contributions by misclassifying him as an independent contractor. This forced Mr. Warner to pay those taxes instead, together totaling almost eight percent of his income. He now claims damages for those amounts he was allegedly forced to improperly pay.

Trifecta argues that Mr. Warner's claim under KRS 337.385 is substantively a federal claim for tax relief, giving this Court federal question jurisdiction. In their view, Mr. Warner has no private right of action under FICA or FUTA. They also contend Mr. Warner has not shown that he first sought relief for his tax claim with the IRS as required by 26 U.S.C. § 7422. Mr. Warner has not responded to Trifecta's Motion to Dismiss and the time to do so has now passed.

II

This Motion to Dismiss is brought pursuant to Rule 12(b)(6), which tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

2

Moreover, the facts that are pled must rise to the level of plausibility, not just possibility; "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## A

When there is no diversity jurisdiction, a defendant may remove an action to federal court only if the plaintiff's allegations establish federal question jurisdiction. *Mikulski v. Centerior Energy Corp.,* 501 F.3d 555, 560 (6th Cir. 2007). To determine whether federal question jurisdiction exists, the Court considers the "well-pleaded" allegations of the complaint. *Id.* Under the well-pleaded complaint rule, the plaintiff "is master to decide what law he will rely upon." *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 515 (6th Cir. 2003). Thus, the plaintiff may avoid removal to federal court by exclusively pleading state-law claims. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 399 (1987) ( "[T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.") However, the well-pleaded complaint rule is not without exception. *Mikulski*, 501 F.3d at 560. Relevant here is the artful pleading doctrine, whereby "plaintiffs may not 'avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.'" *Id*. (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 397 n. 2 (1981)). To determine whether the complaint was artfully drafted to avoid federal jurisdiction, courts "consider whether the facts alleged in the complaint actually implicate a federal cause of action." *Id*. at 361.

3

Trifecta points to two cases from the Sixth Circuit it sees as being virtually on all fours with this case – *Ednacot v. Mesa Med. Group, PLLC*, 790 F.3d 636 (6th Cir. 2015) and *Berera v. Mesa Med. Group, PLLC*, 779 F.3d 352 (6th Cir. 2015). In *Berera* the plaintiff asserted state-law claims for unpaid wages under KRS 337.385, alleging the defendant wrongfully collected its share of FICA taxes from the plaintiff's wages. *Berera*, 779 F. 3d at 354. The Sixth Circuit ultimately determined that the state-law unpaid wages claim was in actuality an artfully pleaded FICA claim, even though the plaintiff did not expressly refer to FICA taxes in the complaint. *Id*. In *Ednacot*, the Sixth Circuit confronted essentially the same issue, though this time with FUTA taxes as well as FICA taxes. *Ednacot*, 790 F.3d at 639. Again, the Sixth Circuit determined that federal question jurisdiction was proper under the artful pleading exception to the well-pleaded complaint rule. *Id*.

The Court finds *Ednacot* and *Berera* compelling in this regard. Like the plaintiffs in those cases, Mr. Warner has brought an unpaid wages action under KRS 337.385. Like the plaintiffs in those cases, Mr. Warner seeks damages based on FICA and FUTA taxes he was forced to pay – taxes he alleges should have been paid by Trifecta. Unlike the plaintiffs in those cases, Mr. Warner makes it explicitly clear what damages he requests and that those damages are based on his overpaying FICA/FUTA taxes. [R. 1-1 at 79-81.] The Court does not need to read between the lines to determine that Mr. Warner's complaint is in actuality predicated on federal law tax claims. Jurisdiction is therefore proper in this case.

**B**

*Berera* and *Ednacot* also guide this Court substantively, not just jurisdictionally. In *Berera*, the Sixth Circuit determined that 26 U.S.C. § 7422(a) requires a party to exhaust its remedies with the IRS before bringing suit over improper tax collection. *Berera*, 779 F.3d at

4

359. If the taxpayer has not first filed a refund claim with the IRS, then § 7422(a) mandates dismissal of their FICA claim. *Id*. at 360.[1] *Ednacot* further determined that the same analysis applies to FUTA taxes. *Ednacot*, 790 F.3d at 639. The Sixth Circuit noted that "[i]t matters not…that the employee [himself] is not liable for FUTA taxes" because the employee must still "begin [their] quest with the IRS." *Id*. Essentially the IRS could refund plaintiffs wrongfully withheld employer FICA or FUTA taxes and then pursue the employers to recover that money. *Id*.

Those holdings are binding here. Mr. Warner's amended complaint gives no indication that he has undertaken to file a refund claim with the IRS. [R. 1-1 at 77-81.] Nor has Mr. Warner responded to Trifecta's Motion to Dismiss, either to suggest that he has exhausted his administrative remedies or that some other argument precludes dismissal of this case. Because Mr. Warner has failed to exhaust his administrative remedies under § 7422(a), his claim must be dismissed.

The District Court in *Berera* also determined that "it is well settled that FICA does not create a private right of action." *Berera v. MESA Med. Grp., PLLC*, 985 F. Supp. 2d 836, 843-44 (E.D. Ky. 2013); *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 67 (3d Cir. 2008) ("FICA does not create a private right of action."); *McDonald v. S. Farm Bureau Life Ins. Co.,* 291 F.3d 718, 726 (11th Cir.2002) ("[W]e hold that no private right of action may be implied under FICA."); *Salazar v. Brown,* 940 F.Supp. 160, 166 (W.D.Mich.1996) ("I conclude that the Sixth Circuit would likewise refuse to imply a cause of action under FICA.") Similarly, the District Court in *Ednacot* reached that same conclusion as to FUTA. *Ednacot v. Mesa Med.*

---

[1] The *Berera* opinion also determined that such dismissal is without prejudice as the plaintiff "could potentially bring an action against the United States for a refund of the FICA taxes at issue if []he exhausted administrative remedies with the IRS." *Berera*, 779 F. 3d at 360 n. 10 (citing 26 U.S.C. § 7422(f)(1)).

5

*Grp., PLLC*, 2014 WL 2527095 at *6 (E.D. Ky. June 4, 2014). While the Sixth Circuit did not reach this issue, it seems clear that this is correct. Mr. Warner must proceed through the IRS, and later against the United States if necessary, in order to recover the amount that was improperly withheld.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Trifecta Venture, LLC's Motion to Dismiss **[R. 5]** is **GRANTED**;
2. This matter is **STRICKEN** from the Court's active docket; and
3. Judgment **SHALL** be entered promptly.

This the 20th day of December 2024.

Gregory F. Van Tatenhove
United States District Judge